**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dible, et al., ) | No. CV 03-249-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Chandler, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

   Pending before the Court is Defendants' Motion to Correct the Record. Defendants file this motion pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. The Court now rules on the motion.

   On July 8, 2005, this Court sanctioned Plaintiffs' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. The order read:

> [T]he Court imposes sanctions against Plaintiffs' *counsel* as follows: Plaintiffs' *counsel* must pay all attorneys' fees and costs that Defendants incurred as a result of Plaintiffs' two supplements to their Motion for New Trial and their Motions for Order to Show Cause and for Rule 11 Sanctions, including the attorneys' fees and costs that Defendants incurred by filing this Motion for Rule 11 Sanctions.

Doc. # 128 at 14 (emphasis added). On February 13, 2006, the Court ruled on the amount of the sanctions, finding that the attorneys' fees and costs that Defendants incurred as a result of Plaintiffs' counsel's sanctionable conduct amounted to $10,904.22. Instead of instructing the Clerk of the Court to enter judgment in this amount against Plaintiffs' counsel, however,

the Court mistakenly lumped these sanctions into an award against "Plaintiffs." Doc. # 167 at 2.

The Court was unaware of this error until, during the pendency of the subsequent appeal, Defendants filed the above-mentioned motion to correct the record in this Court. The Court could not immediately correct its mistake, however, because the Court did not have jurisdiction to entertain such a motion while the appeal was pending.[1] See Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."). The Ninth Circuit Court of Appeals has since reversed the imposition of sanctions against Plaintiffs because "Rule 11 does not provide for the imposition of sanctions upon the clients for the sins of their attorney," Doc. # 180 at 2, and has issued the mandate in this case. As a result, the Court now has jurisdiction to address Defendants' motion. *Id.*; *see also Standard Oil Co. v. United States*, 429 U.S. 17 (1976).

Federal Rule of Civil Procedure 60(a) provides that a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In opposing Defendants' motion, Plaintiffs argue that the error Defendants seek to correct under Rule 60(a) is the kind of error that can only be corrected under Rule 60(b). There is no merit to this argument.

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). The focus is "on what the court *originally intended* to do." *Id.* at 1577. Here, the record clearly reflects that the Court originally intended to sanction Plaintiffs' counsel, rather than Plaintiffs, in the amount of

---

[1] On this basis, Plaintiffs moved to strike Defendants' motion, which the Court will now deny as moot.

- 2 -

1  $10,904.22.  In its July 8, 2005 order, the Court awarded Rule 11 sanctions against
2  "Plaintiffs' counsel."  Doc. # 128 at 14.  In its February 13, 2006 order, the Court determined
3  the amount of the sanctions — $10,904.22 — but mistakenly lumped this amount into an
4  award against Plaintiffs.  Doc. # 167 at 2.  This was a blunder in execution, nothing more.
5        Accordingly,
6        **IT IS ORDERED** that Defendants' Motion to Correct the Record (Doc. # 175) is
7  **GRANTED**.  The Clerk of the Court shall vacate the judgment entered at Doc. # 168 and
8  shall enter an amended judgment as follows:
9        (1) Judgment in favor of Defendants and against Plaintiffs in the amount of $5,386.09;
10 and
11       (2) Judgment in favor of Defendants and against Plaintiffs' counsel in the amount of
12 $10,904.22;
13       **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. # 176) is
14 **DENIED** as moot.
15       DATED this 28th day of April, 2008.

_____
James A. Teilborg
United States District Judge